UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER CHAISSON | CIVIL ACTION |
| VERSUS | NO. 25-718 |
| WALMART INC., d/b/a SAM's CLUB and SAM's EAST, INC. | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion to exclude from trial plaintiff's proposed lifecare planning expert Kasey Crawford filed by defendants Walmart Inc.[1] and Sam's East, Inc. (together, "Defendants").[2] The motion is set for submission on April 2, 2026.[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance March 25, 2026. Plaintiff Jennifer Chaisson, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] Walmart Inc. was incorrectly named as "Walmart Inc. d/b/a Sam's Club."

[2] R. Doc. 21.

[3] R. Doc. 21-3.

[4] This case concerns a slip-and-fall accident. Chaisson alleges that on November 14, 2023, when she was shopping at the Sam's Club store in Harvey, Louisiana, a slippery substance on the floor of the meat department caused her to slip and fall. R. Doc. 1-9 at 2. Chaisson alleges that Defendants' negligence caused the accident. *Id.* at 2-6. On October 9, 2025, the Court issued a scheduling order, which provides that "Plaintiff's expert disclosures shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than February 18, 2026. This deadline applies to all experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B) and (C), who may be witnesses for Plaintiff." R. Doc. 19 at 2. Defendants seek to exclude Crawford as an expert witness under Rule 37(c)(1) of the Federal Rules of Civil Procedure and this Court's scheduling order, arguing that Chaisson failed to provide, on or before February 18, 2026, an expert report for Crawford in compliance with Rule 26(a)(2)(B). R. Doc. 21. Instead, Chaisson provided Crawford's curriculum vitae and a statement of her proposed testimony. R. Doc. 21-1 at 2. Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony. The rule provides a distinction between the type of report required for a retained expert – someone with no prior knowledge of the case who is enlisted to provide expert testimony – and a non-retained expert – a witness whose testimony arises from his or her "ground-level involvement in the events giving rise to the litigation." *AX Wireless LLC v. Dell Inc.*, 2024 WL 1495784, at *1 (E.D. Tex. Apr. 5, 2024) (quotation omitted). The party offering the testimony must demonstrate whether its experts are retained or not. *Id.* A retained expert is required to prepare and sign an expert

IT IS ORDERED that Defendants' motion to exclude from trial plaintiff's proposed lifecare planning expert Kasey Crawford (R. Doc. 21) is GRANTED.

New Orleans, Louisiana, this 26th day of March, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

report pursuant to Rule 26(a)(2)(B). The report must contain: "a complete statement of all opinions the witness will express and the basis and reasons for them"; "the facts or data considered by the witness in forming them"; "any exhibits that will be used to summarize or support them"; "the witness's qualifications, including a list of all publications authored in the previous 10 years"; "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Rule 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Further, this Court's scheduling order states that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown." R. Doc. 19 at 3. The Fifth Circuit has outlined a four-factor standard to determine whether the failure to meet Rule 26 disclosure requirements was substantially justified or is harmless. *Williams v. Louisiana*, 2015 WL 5438596, at *5 (M.D. La. Sept. 14, 2015) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996)). "To avoid abusing their discretion, courts must: (1) examine the importance of the witness's testimony; (2) consider the prejudice, if any, to the opposing party of allowing the witness to testify; (3) decide whether there is a possibility of curing such prejudice by granting a continuance; and (4) consider the explanation, if any, for the party's failure to comply with the discovery requirements." *Id.* (citing *Sierra Club*, 73 F.3d at 572). Chaisson failed to comply with Rule 26(a)(2)(B) with respect to disclosing Crawford as a retained expert because she did not produce an expert report for Crawford that included a *complete* statement of all opinions Crawford will express and the basis and reasons for them, the facts and data Crawford considered in forming her opinions (including any supporting exhibits), or a statement of the compensation to be paid for the study and testimony in the case. Neither did Chaisson seek an extension of the time to produce her expert report. Nor does she provide any explanation for her failure to comply with the disclosure requirements. Accordingly, pursuant to Rule 37(c)(1) and this Court's scheduling order, Crawford must be excluded.